UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT A. B., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 21-CV-00558-CDL |
| | ) |
| MARTIN O'MALLEY[1], | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

**I.   Background**

In an Opinion and Order entered March 30, 2023 (Doc. 21), the Court reversed and remanded upon determining that the Administrative Law Judge (ALJ) had failed to properly conduct a consistency analysis under SSR 16-3p:

> Here, while the ALJ's decision focused extensively on evidence of noncompliance with various treatment recommendations, the decision utterly failed to address the plaintiff's reasons for any alleged non-compliance. Nor did the ALJ attempt to develop the record by inquiring as to the plaintiff's reasons, despite having the opportunity to take the plaintiff's testimony at the hearing. Moreover, the ALJ's decision did not explain why evidence of some instances of non-compliance outweighed evidence that, in other instances, the plaintiff attended recommended follow-up and specialized medical appointments and/or was complaint with his prescribed medications. *See*

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

>> SSR 16-3p, at *9 ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent.").
>
> As such, the decision did not adequately explain why the ALJ discounted the plaintiff's subjective statements. Rather, the ALJ's consistency determination appears to be an improper "conclusion in the guise of findings." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (quotation omitted). This error warrants remand for the ALJ to reconsider his consistency determination and provide "specific reasons for the weight given to the [plaintiff's] symptoms" that are "consistent with and supported by the evidence, and . . . clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p at *10; *see also White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001); *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995).

(Doc. 21 at 12-13).[2]

---

[2] In relevant part, the applicable regulation provides: "We will consider an individual's attempts to seek medical treatment for symptoms and to follow treatment once it is prescribed when evaluating whether symptom intensity and persistence affect the ability to perform work-related activities for an adult. . ... Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, referrals to specialists, or changing treatment sources may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent. In contrast, if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. *We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints.*" SSR 16-3p (emphasis added).

The plaintiff now moves for an award of $6,021.05 in legal fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 23). The defendant filed a response (Doc. 24) opposing the requested fees and arguing that the defendant's position was substantially justified such that the Court should deny the requested EAJA fees. The plaintiff filed a reply brief in support of the motion. (Doc. 25).

**II.   Legal Standards**

Under the EAJA, "a court shall award to a prevailing [plaintiff] fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). The Commissioner has the "burden of demonstrating that the government's position was substantially justified."  *Lopez v. Berryhill*, 690 F. App'x 613, 613 (10th Cir. 2017) (citing *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)).

The Commissioner's position was "substantially justified" if it was reasonable in law and in fact and "can be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007)). "The government's position can be justified even though it is not correct." (*Id.*) (internal quotation marks and citations omitted). An award of fees under the EAJA is not automatic. *See Hadden*, 851 F.2d at 1269.  However, the Tenth Circuit has held "that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'" *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

3

**III.     Analysis**

It is undisputed that the plaintiff was the prevailing party, as Judgment was entered in his favor and the Court determined that the ALJ failed to comply with the applicable regulations. The defendant does not contend that there are circumstances that would make an award of fees unjust in this case. As a result, the only issue is whether the agency defendant has met its burden to establish that its position before the agency and the court was substantially justified. In the Court's opinion, it did not.

As explained in the Court's order reversing the defendant's denial of disability benefits, the ALJ "utterly failed to address the plaintiff's reasons for any alleged noncompliance" and to "provide 'specific reasons for the weight given to the [plaintiff's] symptoms' that are 'consistent with and supported by the evidence, and . . . clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.'" (Doc. 21 at 12-13). While the defendant now argues that the Court should have considered other reasoning to bolster the ALJ's consistency determination, which was premised mostly on a finding of noncompliance with treatment recommendations, the Court will not engage in post-hoc rationalization to support the ALJ's findings. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007).

The defendant cites two examples that defendant claims bear on the plaintiff's credibility and render the ALJ's decision substantially justified. The defendant first notes that the ALJ found that the plaintiff "earned near substantial gainful activity" during two quarters in early 2019 and that plaintiff made some statements indicating his employment

4

may have been terminated later (Doc. 24 at 3; *see also* Admin. Tr. at 23). That information does not address the failure of the ALJ to inquire into any potential reasons for plaintiff's alleged non-compliance with treatment recommendations. Any alleged inconsistency in plaintiff's statements regarding the specific date of his last employment does not necessarily undermine reasons he may have for failing to comply with treatment recommendations. Also, despite the reference to "near substantial gainful activity" during two quarters, the ALJ unquestionably found at Step One that the plaintiff had "not engaged in substantial gainful activity since the alleged onset date." (Admin. Tr. at 15-16).

The defendant also references the ALJ's reliance upon an alleged inconsistency between objective evidence and plaintiff's reported symptoms relating to his degenerative disc disease and congestive heart failure (Doc. 24 at 3-4), but it is undisputed that degenerative disc disease and congestive heart failure were among the conditions that the ALJ found to be "severe impairments" and to "significantly limit the ability to perform basic work activities." (*See* Admin. Tr. at 16). SSR 16-3p requires "evaluat[ing] the intensity and persistence of [plaintiff's symptoms] to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult. . . ." The ALJ found both plaintiff's disc disease and heart failure to "significantly limit the ability to perform basic work activities," and the defendant does not explain how any alleged inconsistency in plaintiff's symptoms as to those two conditions would impact the overall analysis under SSR 16-3p in light of the ALJ's own finding.

5

In any event, the alleged inconsistencies do not themselves remedy the ALJ's failure to properly assess any reasons the plaintiff may have had for failing to allegedly comply with treatment recommendations. This is the case especially given that the ALJ repeatedly referred to alleged noncompliance, and the consistency analysis appears to have been largely premised upon such noncompliance while failing to comply with SSR 16-3p's requirement to consider any reasons plaintiff may not have complied. (*See* Admin. Tr. at 18, 19, 20, 21, 22, 23); *see* SSR 16-3p ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints").[3]

The two alleged inconsistences cited in the defendant's response brief appear to be minor, and they are not obviously inconsistent with the objective record. In addition, the alleged inconsistencies do not sufficiently relate to or support the ALJ's findings regarding plaintiff's alleged non-compliance with treatment recommendations.

The facts here are distinguishable from the case cited in the defendant's response brief. In that case, the district court had *affirmed* the defendant's decision that the claimant

---

[3] In its brief on the merits, the defendant acknowledged that the ALJ's determination that plaintiff's statements were "not entirely reliable *mainly due to noncompliance with his prescribed treatment*." (Doc. 17 at 6) (emphasis added). And, while the defendant alluded to "numerous valid reasons" allegedly supporting the ALJ's decision, the defendant did not refute that the ALJ failed to consider reasons for noncompliance with treatment, and the defendant also did not argue harmless error. (*See* Doc. 17).

was not disabled. *Pickup v. Colvin*, 606 F. App'x 430 (10th Cir. 2015 (10th Cir. Apr. 6, 2015) (unpublished). Thus, the issue in that case did not involve any consideration of EAJA fees following a reversal and remand. Also, the appeals court affirmed the finding of not disabled because the ALJ's analysis "was, on balance, proper and supported by substantial evidence," even though the ALJ erred in the credibility analysis. In making that determination, the appeals court cited, in part, the fact that the claimant in that case had filed for unemployment during the alleged disability period. The Circuit thus noted the "obvious inconsistency between claiming an *ability* to work for purposes of obtaining unemployment compensation and claiming an *inability* to work for purposes of obtaining social security benefits" and concluded that "[t]he ALJ was thus entitled to rely on [the plaintiff's] receipt of unemployment benefits as a reason weighing against the credibility of her claim of a completely disabling impairment." *Id.* at 433 (emphasis in original).

Unlike in *Pickup*, the examples of supposed credibility issues in this case are neither "obvious" nor do they impact the bases for the Court's original decision, this Court has reversed and remanded after finding that the ALJ's determination was *not* supported by substantial evidence, and the issue here is whether the defendant has shown its position was substantially justified so as to avoid an otherwise mandatory award of fees under the EAJA. The Court finds that the Commissioner has not satisfied the agency's burden to show that its position was substantially justified.

## IV. Conclusion

Upon consideration of the motion, the parties' briefing, the ALJ's decision, the Court's prior Opinion and Order reversing the denial of benefits (Doc. 21), and the legal standards applicable to motions for EAJA fees, the Court finds and concludes that an award of fees is required because the plaintiff was the prevailing party, the government's position was not substantially justified, and there are no special circumstances that make an award unjust in this case. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hackett*, 475 F.3d at 1174.

The defendant has not challenged the reasonableness of the requested fees in the amount of $6,021.05. The Court has reviewed the attorney fee motion and attached billing entries and finds that the recorded time and overall fees are reasonable in light of the legal services provided and results obtained. Accordingly, the plaintiff's motion for EAJA fees (Doc. 23) is **granted**. Plaintiff is awarded EAJA attorney fees in the amount of $6,021.05, which shall be made payable to the plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 591-94 (2010). If plaintiff's counsel is paid from the EAJA fees and is also ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller of the EAJA award or the § 406(b) award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 16th day of April, 2024.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge